## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BONUTTI SKELETAL INNOVATIONS, LLC<br><br>Plaintiff,<br><br>v.<br><br>DEPUY SYNTHES SALES, INC., and DEPUY SYNTHES PRODUCTS, LLC,<br><br>Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Bonutti Skeletal Innovations, LLC ("Bonutti Skeletal") hereby asserts claims of patent infringement against DePuy Synthes Sales, Inc. ("DePuy Synthes Sales") and DePuy Synthes Products, LLC ("DePuy Synthes Products") (collectively, "Synthes") and alleges as follows:

## PARTIES

1.      Bonutti Skeletal is a Delaware limited liability company having a place of business at 2400 Dallas Parkway, Suite 200, Plano, TX 75093.

2.      On information and belief, DePuy Synthes Sales and DePuy Synthes Products are both included in the DePuy Synthes Companies of Johnson & Johnson, Inc. ("Johnson & Johnson"). On further information and belief, Johnson & Johnson is one of the corporate parents of DePuy Synthes Sales and DePuy Synthes Products.

3.      On information and belief, DePuy Synthes Sales is a Massachusetts corporation with a principal place of business at 325 Paramount Drive, Raynham, MA 02767, and can be served in this District through its registered agent at CT Corporation System, 155 Federal St.

Suite 700, Boston, MA 02110.  On information and belief, DePuy Synthes Sales does business under the assumed name "DePuy Synthes Spine, Inc.," among other assumed names.

4.      On information and belief, DePuy Synthes Sales is the corporate successor to DePuy Spine, Inc., effective as of Johnson & Johnson's corporate restructuring in 2012.  On further information and belief, DePuy Synthes Sales acquired the personnel of DePuy Spine, Inc. as a result of that corporate restructuring.

5.      On information and belief, DePuy Synthes Products is a Delaware limited liability company with a principal place of business at 325 Paramount Drive, Raynham, MA 02767, and can be served in this District through its registered agent at CT Corporation System, 155 Federal St., Suite 700, Boston, MA 02110.

6.      On information and belief, DePuy Synthes Products is the corporate successor to Synthes USA, LLC ("Synthes USA"), effective as of Johnson & Johnson's corporate restructuring in 2012.  On further information and belief, DePuy Synthes Products acquired the personnel of Synthes USA as a result of that corporate restructuring.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*.

8.      This Court has personal jurisdiction over DePuy Synthes Sales and DePuy Synthes Products because their headquarters are located in this district in Raynham, MA, and because, on information and belief, DePuy Synthes Sales and DePuy Synthes Products engage in substantial and ongoing business in this district.

9.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because both DePuy Synthes Sales and DePuy Synthes Products have their principal places of business within this district and the acts giving rise to Bonutti Skeletal's claims for patent infringement have occurred and continue to occur in this district.

### The Patents-In-Suit

10.      U.S. Patent No. 6,099,531 ("the '531 patent"), entitled "Changing Relationship Between Bones," was duly and lawfully issued by the United States Patent and Trademark Office on August 8, 2000.  Bonutti Skeletal is the owner through assignment of the entire right, title and interest in and to the '531 patent including the rights to enforce and collect damages for all past, present and future infringements of the '531 patent.  A copy of the '531 patent is attached as **Exhibit A**.

11.      U.S. Patent No. 6,423,063 ("the '063 patent"), entitled "Changing Relationship Between Bones," was duly and lawfully issued by the United States Patent and Trademark Office on July 23, 2002.  Bonutti Skeletal is the owner through assignment of the entire right, title and interest in and to the '063 patent including the rights to enforce and collect damages for all past, present and future infringements of the '063 patent.  A copy of the '063 patent is attached as **Exhibit B**.

12.      U.S. Patent No. 7,001,385 ("the '385 patent"), entitled "Joint Spacer With Compartment For Orthobiological Material," was duly and lawfully issued by the United States Patent and Trademark Office on February 21, 2006.  Bonutti Skeletal is the owner through assignment of the entire right, title and interest in and to the '385 patent including the rights to enforce and collect damages for all past, present and future infringements of the '385 patent.  A copy of the '385 patent is attached as **Exhibit C**.

13.     U.S. Patent No. 8,486,066 ("the '066 patent"), entitled "Spacer," was duly and lawfully issued by the United States Patent and Trademark Office on July 16, 2013.  Bonutti Skeletal is the owner through assignment of the entire right, title and interest in and to the '066 patent including the rights to enforce and collect damages for all past, present and future infringements of the '066 patent.  A copy of the '066 patent is attached as **Exhibit D**.

14.     U.S. Patent No. 8,690,944 ("the '944 patent"), entitled "Wedge Apparatus for Use in Operating on a Bone," was duly and lawfully issued by the United States Patent and Trademark Office on April 8, 2014.  Bonutti Skeletal is the owner through assignment of the entire right, title and interest in and to the '944 patent including the rights to enforce and collect damages for all past, present and future infringements of the '944 patent.  A copy of the '944 patent is attached as **Exhibit E**.

15.     U.S. Patent No. 8,795,363 ("the '363 patent"), entitled "Wedge Apparatus for Use in Operating on a Bone," was duly and lawfully issued by the United States Patent and Trademark Office on August 5, 2014.  Bonutti Skeletal is the owner through assignment of the entire right, title and interest in and to the '363 patent including the rights to enforce and collect damages for all past, present and future infringements of the '363 patent.  A copy of the '363 patent is attached as **Exhibit F**.

16.     The '531 patent, '063 patent, '385 patent, '066 patent, '944 patent, and '363 patent are collectively referred to herein as the "Asserted Patents."

17.     Each of the Asserted Patents is valid and enforceable.

## **BACKGROUND**

18.     Dr. Peter M. Bonutti is an orthopedic surgeon who has performed over 20,000 orthopedic surgical procedures in his career.  In 1989, Dr. Bonutti founded The Bonutti Clinic in

Effingham, Illinois, to bring world-class clinical care and orthopedic surgical expertise to a historically underserved area of the country.  Since 1989, The Bonutti Clinic has grown from three employees to more than 170 employees, including individuals who work at The Bonutti Clinic as well as those who serve the patient care businesses that have spun off from it.

19.    Dr. Bonutti is an inventor or co-inventor of over 150 U.S. patents, including each of the Asserted Patents.  The Asserted Patents generally relate to novel bone spacers and related novel surgical methods that Dr. Bonutti invented to correct spine deformities.

20.    On information and belief, DePuy Synthes Sales sells, offers to sell, and imports spinal spacers, including the Synthes ACF SPACER, ACIS, ALIF ALLOGRAFT SPACER, BENGAL, CANCELLOUS CERVICAL SPACER, CONCORDE, FRA SPACER, LUMINARY ALIF, LUMINARY PLIF, LUMINARY T-PLIF, OPAL, ORACLE, PLIF ALLOGRAFT SPACER; SPINAL CORRECTION FRA; SYNCAGE CURVED, SYNCAGE NARROW, SYNCAGE OPEN SYNCAGE SMALL, SYNFIX-LR, T-PAL, T-PLIF ALLOGRAFT SPACER, VERTEBRAL SPACER-AR, VERTEBRAL SPACER-CR, VERTEBRAL SPACER-PR, VERTEBRAL SPACER-TR, ZERO-P, and ZERO-P VA spinal spacers.

21.    On information and belief, DePuy Synthes Products designs and manufactures spinal spacers, including the Synthes ACF SPACER, ACIS, ALIF ALLOGRAFT SPACER, BENGAL, CANCELLOUS CERVICAL SPACER, CONCORDE, FRA SPACER, LUMINARY ALIF, LUMINARY PLIF, LUMINARY T-PLIF, OPAL, ORACLE, PLIF ALLOGRAFT SPACER; SPINAL CORRECTION FRA; SYNCAGE CURVED, SYNCAGE NARROW, SYNCAGE OPEN SYNCAGE SMALL, SYNFIX-LR, T-PAL, T-PLIF ALLOGRAFT SPACER, VERTEBRAL SPACER-AR, VERTEBRAL SPACER-CR, VERTEBRAL SPACER-PR, VERTEBRAL SPACER-TR, ZERO-P, and ZERO-P VA spinal spacers.

## FIRST CAUSE OF ACTION – INFRINGEMENT OF THE '531 PATENT

22.     Bonutti Skeletal realleges and incorporates by reference each of the preceding paragraphs 1-21.

23.     On information and belief, DePuy Synthes Sales and DePuy Synthes Products, either individually or in concert with one another, have infringed and continue to infringe the '531 patent literally and/or by equivalents under 35 U.S.C. § 271(a) by, among other things, making, using, offering for sale, selling, and/or importing infringing spinal spacers, which infringing spinal spacers include at least the Synthes SYNCAGE SMALL and SYNFIX-LR spinal spacers.

24.     On information and belief, DePuy Synthes Sales and DePuy Synthes Products, either individually or in concert with one another, have infringed and continue to infringe the '531 patent literally and/or by equivalents under 35 U.S.C. § 271(a) by, among other things, employing, contracting with, or otherwise entering into an agency relationship with medical practitioners to perform medical procedures that infringe one or more of the method claims of the '531 patent, which medical procedures are performed using at least the following Synthes spinal spacer products: ACF SPACER, ACIS, ALIF ALLOGRAFT SPACER, BENGAL, CANCELLOUS CERVICAL SPACER, CONCORDE, FRA SPACER, LUMINARY ALIF, LUMINARY PLIF, LUMINARY T-PLIF, OPAL, ORACLE, PLIF ALLOGRAFT SPACER; SPINAL CORRECTION FRA; SYNCAGE CURVED, SYNCAGE NARROW, SYNCAGE OPEN SYNCAGE SMALL, SYNFIX-LR, T-PAL, T-PLIF ALLOGRAFT SPACER, VERTEBRAL SPACER-AR, VERTEBRAL SPACER-CR, VERTEBRAL SPACER-PR, VERTEBRAL SPACER-TR, ZERO-P, and ZERO-P VA spinal spacers.  By employing, contracting with, or otherwise entering into an agency relationship with a medical practitioner to

perform a medical procedure that infringes the '531 patent, DePuy Synthes Sales and/or DePuy Synthes Products are vicariously liable as direct infringers.

25.     On information and belief, DePuy Synthes Sales and DePuy Synthes Products, either individually or in concert with one another, have induced the infringement of and continue to induce the infringement of the '531 patent literally and/or by equivalents under 35 U.S.C. § 271(b).

26.     As described above in paragraph 4, DePuy Spine, Inc. is the corporate predecessor of DePuy Synthes Sales.  On information and belief, DePuy Spine, Inc.—and thus its successor, DePuy Synthes Sales—obtained actual knowledge of the '531 patent no later than February 26, 2004, the date of an Information Disclosure Statement ("IDS") submitted to the United States Patent and Trademark Office in connection with the prosecution of U.S. Patent App. No. 10/638,821, which IDS cited the '531 patent, and which IDS was submitted on behalf of DePuy Spine, Inc.  A true and correct copy of the February 26, 2004 IDS is attached hereto as **Exhibit G**.

27.     On information and belief, DePuy Synthes Sales shares personnel—including patent counsel—with DePuy Synthes Products, such that DePuy Synthes Products' knowledge of the '531 patent is attributable to DePuy Synthes Sales as well.  For example, Brian Tomko, Assistant General Counsel – Patents for Johnson & Johnson, submitted a sworn declaration on behalf of DePuy Synthes Products in *Synthes USA, LLC v. Globus Medical, Inc.*, 1:11-cv-00652-LPS (D. Del.), in which he testified that he "support[s] the Global Orthopaedics Group, which is included as part of the DePuy Synthes Companies."  A true and correct copy of a redacted, publicly available version of Mr. Tomko's declaration in *Synthes USA, LLC v. Globus Medical, Inc.* is attached hereto as **Exhibit H**.

28.     With actual or constructive knowledge of the '531 patent and with the specific intent to cause infringement of the '531 patent, DePuy Synthes Sales and DePuy Synthes Products, either individually or in concert with one another, encouraged and intended and continue to encourage and intend medical practitioners to perform surgical techniques using Synthes products in a manner that directly infringes the '531 patent.  DePuy Synthes Sales's and DePuy Synthes Products's acts of encouragement include, among other acts, providing surgical technique guides and instruments for implanting spinal spacers in a patient in a manner that infringes the '531 patent.   On information and belief, the spinal spacers for which DePuy Synthes Sales and/or DePuy Synthes Products have provided and continue to provide surgical technique guides and instruments for implanting spinal spacers in infringing procedures include at least the following Synthes spinal spacer products:   ACF SPACER, ACIS, ALIF ALLOGRAFT SPACER, BENGAL, CANCELLOUS CERVICAL SPACER, CONCORDE, FRA SPACER, LUMINARY ALIF, LUMINARY PLIF, LUMINARY T-PLIF, OPAL, ORACLE, PLIF ALLOGRAFT SPACER; SPINAL CORRECTION FRA; SYNCAGE CURVED, SYNCAGE NARROW, SYNCAGE OPEN SYNCAGE SMALL, SYNFIX-LR, T-PAL, T-PLIF ALLOGRAFT SPACER, VERTEBRAL SPACER-AR, VERTEBRAL SPACER-CR, VERTEBRAL SPACER-PR, VERTEBRAL SPACER-TR, ZERO-P, and ZERO-P VA spinal spacers.

29.     On information and belief, DePuy Synthes Sales and DePuy Synthes Products have proceeded in this manner despite their actual knowledge of the '531 patent as described above in paragraphs 26 and 27.   At a minimum, DePuy Synthes Sales and DePuy Synthes Products would have to have taken deliberate actions to avoid confirming the high probability that medical practitioners have performed and continue to perform medical procedures to implant

at least the Synthes ACF SPACER, ACIS, ALIF ALLOGRAFT SPACER, BENGAL, CANCELLOUS CERVICAL SPACER, CONCORDE, FRA SPACER, LUMINARY ALIF, LUMINARY PLIF, LUMINARY T-PLIF, OPAL, ORACLE, PLIF ALLOGRAFT SPACER; SPINAL CORRECTION FRA; SYNCAGE CURVED, SYNCAGE NARROW, SYNCAGE OPEN SYNCAGE SMALL, SYNFIX-LR, T-PAL, T-PLIF ALLOGRAFT SPACER, VERTEBRAL SPACER-AR, VERTEBRAL SPACER-CR, VERTEBRAL SPACER-PR, VERTEBRAL SPACER-TR, ZERO-P, and ZERO-P VA spinal spacers according to the surgical technique guides provided by DePuy Synthes Sales and/or DePuy Synthes Products, which medical procedures constitute infringement of the '531 patent.  Thus, at a minimum, DePuy Synthes Sales and DePuy Synthes Products have been and continue to be willfully blind.

30.   On information and belief, DePuy Synthes Sales has contributed to the infringement of and continues to contribute to the infringement of the '531 patent literally and/or by equivalents under 35 U.S.C. § 271(c) by, without authority, selling, offering to sell, and/or importing the following Synthes spinal spacer products and related instruments: ACF SPACER, ACIS, ALIF ALLOGRAFT SPACER, BENGAL, CANCELLOUS CERVICAL SPACER, CONCORDE, FRA SPACER, LUMINARY ALIF, LUMINARY PLIF, LUMINARY T-PLIF, OPAL, ORACLE, PLIF ALLOGRAFT SPACER; SPINAL CORRECTION FRA; SYNCAGE CURVED, SYNCAGE NARROW, SYNCAGE OPEN SYNCAGE SMALL, SYNFIX-LR, T-PAL, T-PLIF ALLOGRAFT SPACER, VERTEBRAL SPACER-AR, VERTEBRAL SPACER-CR, VERTEBRAL SPACER-PR, VERTEBRAL SPACER-TR, ZERO-P, and ZERO-P VA.

31.   On information and belief, at least the Synthes ACF SPACER, ACIS, ALIF ALLOGRAFT SPACER, BENGAL, CANCELLOUS CERVICAL SPACER, CONCORDE, FRA SPACER, LUMINARY ALIF, LUMINARY PLIF, LUMINARY T-PLIF, OPAL,

ORACLE, PLIF ALLOGRAFT SPACER; SPINAL CORRECTION FRA; SYNCAGE CURVED, SYNCAGE NARROW, SYNCAGE OPEN SYNCAGE SMALL, SYNFIX-LR, T-PAL, T-PLIF ALLOGRAFT SPACER, VERTEBRAL SPACER-AR, VERTEBRAL SPACER-CR, VERTEBRAL SPACER-PR, VERTEBRAL SPACER-TR, ZERO-P, and ZERO-P VA spinal spacers and related instruments are used by medical practitioners to perform medical procedures that directly infringe the '531 patent, literally or under the doctrine of equivalents.

32.     On information and belief, at least the Synthes ACF SPACER, ACIS, ALIF ALLOGRAFT SPACER, BENGAL, CANCELLOUS CERVICAL SPACER, CONCORDE, FRA SPACER, LUMINARY ALIF, LUMINARY PLIF, LUMINARY T-PLIF, OPAL, ORACLE, PLIF ALLOGRAFT SPACER; SPINAL CORRECTION FRA; SYNCAGE CURVED, SYNCAGE NARROW, SYNCAGE OPEN SYNCAGE SMALL, SYNFIX-LR, T-PAL, T-PLIF ALLOGRAFT SPACER, VERTEBRAL SPACER-AR, VERTEBRAL SPACER-CR, VERTEBRAL SPACER-PR, VERTEBRAL SPACER-TR, ZERO-P, and ZERO-P VA spinal spacers and related instruments are key to practicing the methods claimed in the '531 patent and thus constitute a material part of the claimed inventions of the '531 patent.

33.     On information and belief, DePuy Synthes Sales sells, offers for sale, and/or imports at least the Synthes ACF SPACER, ACIS, ALIF ALLOGRAFT SPACER, BENGAL, CANCELLOUS CERVICAL SPACER, CONCORDE, FRA SPACER, LUMINARY ALIF, LUMINARY PLIF, LUMINARY T-PLIF, OPAL, ORACLE, PLIF ALLOGRAFT SPACER; SPINAL CORRECTION FRA; SYNCAGE CURVED, SYNCAGE NARROW, SYNCAGE OPEN SYNCAGE SMALL, SYNFIX-LR, T-PAL, T-PLIF ALLOGRAFT SPACER, VERTEBRAL SPACER-AR, VERTEBRAL SPACER-CR, VERTEBRAL SPACER-PR, VERTEBRAL SPACER-TR, ZERO-P, and ZERO-P VA spinal spacers and related instruments

with knowledge that they are especially made and/or especially adapted for performing medical procedures that infringe at least one claim of the '531 patent. For example, as described above in paragraph 26, DePuy Synthes Sales and its predecessor DePuy Spine, Inc. have had actual knowledge of the '531 patent since no later than February 26, 2004.

34.     On information and belief, at least the Synthes ACF SPACER, ACIS, ALIF ALLOGRAFT SPACER, BENGAL, CANCELLOUS CERVICAL SPACER, CONCORDE, FRA SPACER, LUMINARY ALIF, LUMINARY PLIF, LUMINARY T-PLIF, OPAL, ORACLE, PLIF ALLOGRAFT SPACER; SPINAL CORRECTION FRA; SYNCAGE CURVED, SYNCAGE NARROW, SYNCAGE OPEN SYNCAGE SMALL, SYNFIX-LR, T-PAL, T-PLIF ALLOGRAFT SPACER, VERTEBRAL SPACER-AR, VERTEBRAL SPACER-CR, VERTEBRAL SPACER-PR, VERTEBRAL SPACER-TR, ZERO-P, and ZERO-P VA spinal spacers and related instruments are not staple articles of commerce suitable for a substantial non-infringing use, at least because they have no use other than in medical procedures that infringe at least one claim of the '531 patent.

35.     On information and belief, DePuy Synthes Sales's and DePuy Synthes Products's manufacture, uses, sales, offers to sell, and/or importation of at least the Synthes ACF SPACER, ACIS, ALIF ALLOGRAFT SPACER, BENGAL, CANCELLOUS CERVICAL SPACER, CONCORDE, FRA SPACER, LUMINARY ALIF, LUMINARY PLIF, LUMINARY T-PLIF, OPAL, ORACLE, PLIF ALLOGRAFT SPACER; SPINAL CORRECTION FRA; SYNCAGE CURVED, SYNCAGE NARROW, SYNCAGE OPEN SYNCAGE SMALL, SYNFIX-LR, T-PAL, T-PLIF ALLOGRAFT SPACER, VERTEBRAL SPACER-AR, VERTEBRAL SPACER-CR, VERTEBRAL SPACER-PR, VERTEBRAL SPACER-TR, ZERO-P, and ZERO-P VA spinal spacers and related instruments occurred despite the objectively high likelihood that

DePuy Synthes Sales's and DePuy Synthes Products's actions constituted infringement of the '531 patent, which is valid and enforceable.

36.     On information and belief, the objectively high likelihood that DePuy Synthes Sales's and DePuy Synthes Products's actions constituted infringement of the '531 patent was also either actually known by DePuy Synthes Sales and DePuy Synthes Products or so obvious that DePuy Synthes Sales and DePuy Synthes Products should have known prior to the filing date of this Complaint.  In particular, DePuy Spine Inc.'s recognition that the '531 patent was close enough to DePuy Spine, Inc.'s U.S. Patent App. No. 10/638,821 as to merit disclosure to the United States Patent and Trademark Office indicates that DePuy Spine, Inc.—and therefore its successor DePuy Synthes Sales and its successor's affiliate DePuy Synthes Products— actually knew they infringed the '531 patent no later than February 26, 2004 or should have known they infringed the '531 patent no later than February 26, 2004 because of the objectively high risk of infringement.

37.     On information and belief, at least as of February 26, 2004, DePuy Synthes Sales's and DePuy Synthes Products's infringement of the '531 patent is and has been willful and deliberate, and, further, DePuy Synthes Sales's and DePuy Synthes Products's continued infringement after the filing of this Complaint shall constitute willful and deliberate infringement of the '531 patent.

### SECOND CAUSE OF ACTION – INFRINGEMENT OF THE '063 PATENT

38.     Bonutti Skeletal realleges and incorporates by reference each of the preceding paragraphs 1-37.

39.     On information and belief, DePuy Synthes Sales and DePuy Synthes Products, either individually or in concert with one another, have infringed and continue to infringe the

'063 patent literally and/or by equivalents under 35 U.S.C. § 271(a) by, among other things, employing, contracting with, or otherwise entering into an agency relationship with medical practitioners to perform medical procedures that infringe one or more of the method claims of the '531 patent, which medical procedures are performed using at least the following Synthes allograft spinal spacer products: ACF SPACER, ALIF ALLOGRAFT SPACER, CANCELLOUS CERVICAL SPACER, FRA SPACER, LUMINARY ALIF, LUMINARY PLIF, LUMINARY T-PLIF, PLIF ALLOGRAFT SPACER, and SPINAL CORRECTION FRA allograft spinal spacers.  By employing, contracting with, or otherwise entering into an agency relationship with a medical practitioner to perform a medical procedure that infringes the '063 patent, DePuy Synthes Sales and/or DePuy Synthes Products are vicariously liable as direct infringers for that medical practitioner's infringing medical procedure.

40.     On information and belief, DePuy Synthes Sales and DePuy Synthes Products, either individually or in concert with one another, have induced the infringement of and continue to induce the infringement of the '063 patent literally and/or by equivalents under 35 U.S.C. § 271(b).

41.     As described above in paragraph 6, Synthes USA is the corporate predecessor of DePuy Synthes Products.  On information and belief, Synthes USA—and thus its successor, DePuy Synthes Products—obtained actual knowledge of the '063 patent no later than February 10, 2006, the date of an Information Disclosure Statement ("IDS") submitted to the United States Patent and Trademark Office in connection with the prosecution of U.S. Patent App. No. 10/923,534, which IDS cited the '063 patent, and which IDS was submitted on behalf of Synthes USA.  A true and correct copy of the February 10, 2006 IDS is attached hereto as **Exhibit I**.

42.     On information and belief, DePuy Synthes Products shares personnel—including patent counsel—with DePuy Synthes Sales, as described above in paragraph 27.   As such, DePuy Synthes Products' actual knowledge of the '063 patent is attributable to DePuy Synthes Sales as well.

43.     With actual or constructive knowledge of the '063 patent and with the specific intent to cause infringement of the '063 patent, DePuy Synthes Sales and DePuy Synthes Products, either individually or in concert with one another, encouraged and intended and continue to encourage and intend medical practitioners to perform surgical techniques using Synthes products in a manner that directly infringes the '063 patent.   DePuy Synthes Sales's and DePuy Synthes Products's acts of encouragement include, among other acts, providing surgical technique guides and instruments for implanting spinal spacers in a patient in a manner that infringes the '063 patent.   On information and belief, the spinal spacers for which DePuy Synthes Sales and/or DePuy Synthes Products have provided and continue to provide surgical technique guides and instruments for implanting spinal spacers in infringing procedures include at least the following Synthes spinal spacer products: ACF SPACER, ALIF ALLOGRAFT SPACER, CANCELLOUS CERVICAL SPACER, FRA SPACER, LUMINARY ALIF, LUMINARY PLIF, LUMINARY T-PLIF, PLIF ALLOGRAFT SPACER, and SPINAL CORRECTION FRA allograft spinal spacers.

44.     On information and belief, DePuy Synthes Sales and DePuy Synthes Products have proceeded in this manner despite their actual knowledge of the '063 patent as described above in paragraphs 41 and 42.   At a minimum, DePuy Synthes Sales and DePuy Synthes Products would have to have taken deliberate actions to avoid confirming the high probability that medical practitioners have performed and continue to perform medical procedures to implant

at least the Synthes ACF SPACER, ALIF ALLOGRAFT SPACER, CANCELLOUS CERVICAL SPACER, FRA SPACER, LUMINARY ALIF, LUMINARY PLIF, LUMINARY T-PLIF, PLIF ALLOGRAFT SPACER, and SPINAL CORRECTION FRA allograft spinal spacers according to the surgical technique guides provided by DePuy Synthes Sales and/or DePuy Synthes Products, which medical procedures constitute infringement of the '063 patent. Thus, at a minimum, DePuy Synthes Sales and DePuy Synthes Products have been and continue to be willfully blind.

45.    On information and belief, DePuy Synthes Sales has contributed to the infringement of and continues to contribute to the infringement of the '063 patent literally and/or by equivalents under 35 U.S.C. § 271(c) by, without authority, selling, offering to sell, and/or importing the following Synthes allograft spinal spacer products and related instruments: Synthes ACF SPACER, ALIF ALLOGRAFT SPACER, CANCELLOUS CERVICAL SPACER, FRA SPACER, LUMINARY ALIF, LUMINARY PLIF, LUMINARY T-PLIF, PLIF ALLOGRAFT SPACER, and SPINAL CORRECTION FRA.

46.    On information and belief, at least the Synthes ACF SPACER, ALIF ALLOGRAFT SPACER, CANCELLOUS CERVICAL SPACER, FRA SPACER, LUMINARY ALIF, LUMINARY PLIF, LUMINARY T-PLIF, PLIF ALLOGRAFT SPACER, and SPINAL CORRECTION FRA allograft spinal spacers and related instruments are used by medical practitioners to perform medical procedures that directly infringe the '063 patent, literally or under the doctrine of equivalents.

47.    On information and belief, at least the Synthes ACF SPACER, ALIF ALLOGRAFT SPACER, CANCELLOUS CERVICAL SPACER, FRA SPACER, LUMINARY ALIF, LUMINARY PLIF, LUMINARY T-PLIF, PLIF ALLOGRAFT SPACER, and SPINAL

CORRECTION FRA allograft spinal spacers and related instruments are key to practicing the methods claimed in the '063 patent and thus constitute a material part of the claimed inventions of the '063 patent.

48.     On information and belief, DePuy Synthes Sales sells, offers for sale, and/or imports at least the Synthes ACF SPACER, ALIF ALLOGRAFT SPACER, CANCELLOUS CERVICAL SPACER, FRA SPACER, LUMINARY ALIF, LUMINARY PLIF, LUMINARY T-PLIF, PLIF ALLOGRAFT SPACER, and SPINAL CORRECTION FRA allograft spinal spacers and related instruments with knowledge that they are especially made and/or especially adapted for performing medical procedures that infringe at least one claim of the '063 patent. For example, as described above in paragraphs 41 and 42, DePuy Synthes Products and its predecessor Synthes USA have had actual knowledge of the '063 patent since no later than February 10, 2006.  On information and belief, DePuy Synthes Products shares personnel—including patent counsel—with DePuy Synthes Sales, as described above in paragraph 27.  As such, DePuy Synthes Products' knowledge of the '063 patent is attributable to DePuy Synthes Sales as well.

49.     On information and belief, at least the Synthes ACF SPACER, ALIF ALLOGRAFT SPACER, CANCELLOUS CERVICAL SPACER, FRA SPACER, LUMINARY ALIF, LUMINARY PLIF, LUMINARY T-PLIF, PLIF ALLOGRAFT SPACER, and SPINAL CORRECTION FRA allograft spinal spacers and related instruments are not staple articles of commerce suitable for a substantial non-infringing use, at least because they have no use other than in medical procedures that infringe at least one claim of the '063 patent.

50.     On information and belief, DePuy Synthes Sales's and DePuy Synthes Products's manufacture, uses, sales, offers to sell, and/or importation of at least the Synthes ACF SPACER,

ALIF ALLOGRAFT SPACER, CANCELLOUS CERVICAL SPACER, FRA SPACER, LUMINARY ALIF, LUMINARY PLIF, LUMINARY T-PLIF, PLIF ALLOGRAFT SPACER, and SPINAL CORRECTION FRA allograft spinal spacers and related instruments occurred despite the objectively high likelihood that DePuy Synthes Sales's and DePuy Synthes Products's actions constituted infringement of the '063 patent, which is valid and enforceable.

51.    On information and belief, the objectively high likelihood that DePuy Synthes Sales's and DePuy Synthes Products's actions constituted infringement of the '063 patent was also either actually known by DePuy Synthes Sales and DePuy Synthes Products or so obvious that DePuy Synthes Sales and DePuy Synthes Products should have known prior to the filing date of this Complaint.  In particular, Synthes USA's recognition that the '063 patent was close enough to Synthes USA's U.S. Patent App. No. 10/923,534 as to merit disclosure to the United States Patent and Trademark Office indicates that Synthes USA—and therefore its successor DePuy Synthes Products and its successor's affiliate DePuy Synthes Sales—actually knew they infringed the '063 patent no later than February 10, 2006 or should have known the infringed the '063 patent no later than February 10, 2006 because of the objectively high risk of infringement.

52.    On information and belief, at least as of February 10, 2006, DePuy Synthes Sales's and DePuy Synthes Products's infringement of the '063 patent is and has been willful and deliberate, and, further, DePuy Synthes Sales's and DePuy Synthes Products's continued infringement after the filing of this Complaint shall constitute willful and deliberate infringement of the '063 patent.

## THIRD CAUSE OF ACTION – INFRINGEMENT OF THE '385 PATENT

53.    Bonutti Skeletal realleges and incorporates by reference each of the preceding paragraphs 1-52.

54. On information and belief, DePuy Synthes Sales and DePuy Synthes Products, either individually or in concert with one another, have induced the infringement of and continue to induce the infringement of the '385 patent literally and/or by equivalents under 35 U.S.C. § 271(b).

55. On information and belief, DePuy Synthes Sales and DePuy Synthes Products obtained actual knowledge of the '385 patent no later than the filing date of this Complaint.

56. With actual or constructive knowledge of the '385 patent and with the specific intent to cause infringement of the '385 patent, DePuy Synthes Sales and DePuy Synthes Products encouraged and intended and continue to encourage and intend medical practitioners to assemble and use Synthes products that directly infringe the '385 patent. DePuy Synthes Sales's and DePuy Synthes Products's acts of encouragement include, among other acts, providing surgical technique guides and instruments for assembling and using spinal spacers that infringe the '385 patent. On information and belief, the infringing spinal spacers for which DePuy Synthes Sales and DePuy Synthes Products has provided and continues to provide surgical technique guides and instruments include at least the Synthes BENGAL, CONCORDE, OPAL, ORACLE, SYNCAGE SMALL, SYNFIX-LR, ZERO-P, and ZERO-P VA spinal spacer products.

57. On information and belief, DePuy Synthes Sales and DePuy Synthes Products have proceeded in this manner despite their actual or constructive knowledge of the '385 patent. At a minimum, DePuy Synthes Sales and DePuy Synthes Products would have to have taken deliberate actions to avoid confirming the high probability that the assembly and use of at least the BENGAL, CONCORDE, OPAL, ORACLE, SYNCAGE SMALL, SYNFIX-LR, ZERO-P, and ZERO-P VA spinal spacers constitutes infringement of the '385 patent, such that, at a

minimum, DePuy Synthes Sales and DePuy Synthes Products have been and continue to be willfully blind.

58.     On information and belief, DePuy Synthes Sales has contributed to the infringement of and continues to contribute to the infringement of the '385 patent literally and/or by equivalents under 35 U.S.C. § 271(c) by, without authority, selling, offering to sell, and/or importing Synthes BENGAL, CONCORDE, OPAL, ORACLE, SYNCAGE SMALL, SYNFIX-LR, ZERO-P, and ZERO-P VA spinal spacer products, related bone growth inducing materials, and related screws.

59.     On information and belief, at least the Synthes BENGAL, CONCORDE, OPAL, ORACLE, SYNCAGE SMALL, SYNFIX-LR, ZERO-P, and ZERO-P VA spinal spacer products, related bone growth inducing materials, and related screws are assembled by medical practitioners into apparatuses that directly infringe the '385 patent, literally or under the doctrine of equivalents.  Further, medical practitioners use those infringing assembled apparatuses, which also constitutes direct infringement of the '385 patent.

60.     On information and belief, at least the Synthes BENGAL, CONCORDE, OPAL, ORACLE, SYNCAGE SMALL, SYNFIX-LR, ZERO-P, and ZERO-P VA spinal spacer products, related bone growth inducing materials, and related screws are key components of the apparatuses claimed in the '385 patent, and thus constitute a material part of the claimed inventions of the '385 patent.

61.     On information and belief, DePuy Synthes Sales sells, offers for sale, and/or imports at least the Synthes BENGAL, CONCORDE, OPAL, ORACLE, SYNCAGE SMALL, SYNFIX-LR, ZERO-P, and ZERO-P VA spinal spacer products, related bone growth inducing materials, and related screws with knowledge that they are especially made and/or especially

adapted for assembly into an apparatus whose assembly and/or use infringes at least one claim of the '385 patent.  For example, DePuy Synthes Sales obtained actual knowledge of the '385 patent no later than the filing date of this Complaint.

62.     On information and belief, at least the Synthes BENGAL, CONCORDE, OPAL, ORACLE, SYNCAGE SMALL, SYNFIX-LR, ZERO-P, and ZERO-P VA spinal spacer products, related bone growth inducing materials, and related screws are not staple articles of commerce suitable for a substantial non-infringing use, at least because they have no use other than as part of an apparatus that infringes at least one claim of the '385 patent.

63.     On information and belief, DePuy Synthes Sales's and DePuy Synthes Products's manufacture, sales, offers to sell, and/or importation of the Synthes BENGAL, CONCORDE, OPAL, ORACLE, SYNCAGE SMALL, SYNFIX-LR, ZERO-P, and ZERO-P VA spinal spacer products occurred despite the objectively high likelihood that DePuy Synthes Sales's and DePuy Synthes Products's actions constituted infringement of the '385 patent, which is valid and enforceable.

64.     On information and belief, DePuy Synthes Sales and DePuy Synthes Products actually knew they infringed the '385 patent as of the filing date of this Complaint or should have known they infringed the '385 patent as of the filing date of this Complaint because of the objectively high likelihood of infringement.

65.     Thus, DePuy Synthes Sales's and DePuy Synthes Products's continued infringement after the filing of this Complaint shall constitute willful and deliberate infringement of the '385 patent.

**FOURTH CAUSE OF ACTION – INFRINGEMENT OF THE '066 PATENT**

66.     Bonutti Skeletal realleges and incorporates by reference each of the preceding paragraphs 1-65.

67.     On information and belief, DePuy Synthes Sales and DePuy Synthes Products, either individually or in concert with one another, have infringed and continue to infringe the '066 patent literally and/or by equivalents under 35 U.S.C. § 271(a) by, among other things, making, using, offering for sale, selling, and/or importing infringing spinal spacers, which infringing spinal spacers include at least the Synthes SYNFIX-LR spinal spacers.

68.     On information and belief, DePuy Synthes Sales and DePuy Synthes Products, either individually or in concert with one another, have induced the infringement of and continue to induce the infringement of the '066 patent literally and/or by equivalents under 35 U.S.C. § 271(b).

69.     On information and belief, DePuy Synthes Sales and DePuy Synthes Products obtained actual knowledge of the '066 patent no later than the filing date of this Complaint.

70.     With actual or constructive knowledge of the '066 patent and with the specific intent to cause infringement of the '066 patent, DePuy Synthes Sales and DePuy Synthes Products encouraged and intended and continue to encourage and intend medical practitioners to assemble and use Synthes products that directly infringe the '066 patent.  DePuy Synthes Sales's and DePuy Synthes Products's acts of encouragement include, among other acts, providing surgical technique guides and instruments for assembling and using spinal spacers that infringe the '066 patent.  On information and belief, the infringing spinal spacers for which DePuy Synthes Sales and DePuy Synthes Products has provided and continues to provide surgical

technique guides and instruments include at least the Synthes SYNFIX-LR spinal spacer products.

71.     On information and belief, DePuy Synthes Sales and DePuy Synthes Products have proceeded in this manner despite their actual or constructive knowledge of the '066 patent. At a minimum, DePuy Synthes Sales and DePuy Synthes Products would have to have taken deliberate actions to avoid confirming the high probability that the assembly and use of at least the SYNFIX-LR spinal spacers constitutes infringement of the '066 patent, such that, at a minimum, DePuy Synthes Sales and DePuy Synthes Products have been and continue to be willfully blind.

72.     On information and belief, DePuy Synthes Sales has contributed to the infringement of and continues to contribute to the infringement of the '066 patent literally and/or by equivalents under 35 U.S.C. § 271(c) by, without authority, selling, offering to sell, and/or importing Synthes SYNFIX-LR spinal spacer products and related screws.

73.     On information and belief, at least the Synthes SYNFIX-LR spinal spacer products and related screws are assembled by medical practitioners into apparatuses that directly infringe the '066 patent, literally or under the doctrine of equivalents.  Further, medical practitioners use those infringing assembled apparatuses, which also constitutes direct infringement of the '066 patent.

74.     On information and belief, at least the Synthes SYNFIX-LR spinal spacer products and related screws are key components of the apparatuses claimed in the '066 patent, and thus constitute a material part of the claimed inventions of the '066 patent.

75.     On information and belief, DePuy Synthes Sales sells, offers for sale, and/or imports at least the Synthes SYNFIX-LR spinal spacer products and related screws with

knowledge that they are especially made and/or especially adapted for assembly into an apparatus whose assembly and/or use infringes at least one claim of the '066 patent. For example, DePuy Synthes Sales obtained actual knowledge of the '066 patent no later than the filing date of this Complaint.

76.     On information and belief, at least the Synthes SYNFIX-LR spinal spacer products and related screws are not staple articles of commerce suitable for a substantial non-infringing use, at least because they have no use other than as part of an apparatus that infringes at least one claim of the '066 patent.

77.     On information and belief, DePuy Synthes Sales's and DePuy Synthes Products's manufacture, sales, offers to sell, and/or importation of the Synthes SYNFIX-LR spinal spacer products occurred despite the objectively high likelihood that DePuy Synthes Sales's and DePuy Synthes Products's actions constituted infringement of the '066 patent, which is valid and enforceable.

78.     On information and belief, DePuy Synthes Sales and DePuy Synthes Products actually knew they infringed the '066 patent as of the filing date of this Complaint or should have known they infringed the '066 patent as of the filing date of this Complaint because of the objectively high likelihood of infringement.

79.     Thus, DePuy Synthes Sales's and DePuy Synthes Products's continued infringement after the filing of this Complaint shall constitute willful and deliberate infringement of the '066 patent.

### FIFTH CAUSE OF ACTION – INFRINGEMENT OF THE '944 PATENT

80.     Bonutti Skeletal Skeletal realleges and incorporates by reference each of the preceding paragraphs 1-79.

23

81.     On information and belief, DePuy Synthes Sales and DePuy Synthes Products, either individually or in concert with one another, have infringed and continue to infringe the '944 patent literally and/or by equivalents under 35 U.S.C. § 271(a) by, among other things, making, using, offering for sale, selling, and/or importing infringing spinal spacers, which infringing spinal spacers include at least the Synthes SYNFIX-LR, ZERO-P, and ZERO-P VA spinal spacers.

82.     On information and belief, DePuy Synthes Sales and DePuy Synthes Products, either individually or in concert with one another, have induced the infringement of and continue to induce the infringement of the '944 patent literally and/or by equivalents under 35 U.S.C. § 271(b).

83.     On information and belief, DePuy Synthes Sales and DePuy Synthes Products obtained actual knowledge of the '944 patent no later than the filing date of this Complaint.

84.     With actual or constructive knowledge of the '944 patent and with the specific intent to cause infringement of the '944 patent, DePuy Synthes Sales and DePuy Synthes Products encouraged and intended and continue to encourage and intend medical practitioners to assemble and use Synthes products that directly infringe the '944 patent.  DePuy Synthes Sales's and DePuy Synthes Products's acts of encouragement include, among other acts, providing surgical technique guides and instruments for assembling and using spinal spacers that infringe the '944 patent.  On information and belief, the infringing spinal spacers for which DePuy Synthes Sales and DePuy Synthes Products has provided and continues to provide surgical technique guides and instruments include at least the Synthes SYNFIX-LR, ZERO-P, and ZERO-P VA spinal spacer products.

85.     On information and belief, DePuy Synthes Sales and DePuy Synthes Products have proceeded in this manner despite their actual or constructive knowledge of the '944 patent. At a minimum, DePuy Synthes Sales and DePuy Synthes Products would have to have taken deliberate actions to avoid confirming the high probability that the assembly and use of at least the SYNFIX-LR, ZERO-P, and ZERO-P VA spinal spacers constitutes infringement of the '944 patent, such that, at a minimum, DePuy Synthes Sales and DePuy Synthes Products have been and continue to be willfully blind.

86.     On information and belief, DePuy Synthes Sales has contributed to the infringement of and continues to contribute to the infringement of the '944 patent literally and/or by equivalents under 35 U.S.C. § 271(c) by, without authority, selling, offering to sell, and/or importing Synthes SYNFIX-LR, ZERO-P, and ZERO-P VA spinal spacer products and related screws.

87.     On information and belief, at least the Synthes SYNFIX-LR, ZERO-P, and ZERO-P VA spinal spacer products and related screws are assembled by medical practitioners into apparatuses that directly infringe the '944 patent, literally or under the doctrine of equivalents.  Further, medical practitioners use those infringing assembled apparatuses, which also constitutes direct infringement of the '944 patent.

88.     On information and belief, at least the Synthes SYNFIX-LR, ZERO-P, and ZERO-P VA spinal spacer products and related screws are key components of the apparatuses claimed in the '944 patent, and thus constitute a material part of the claimed inventions of the '944 patent.

89.     On information and belief, DePuy Synthes Sales sells, offers for sale, and/or imports at least the Synthes SYNFIX-LR, ZERO-P, and ZERO-P VA spinal spacer products and

related screws with knowledge that they are especially made and/or especially adapted for assembly into an apparatus whose assembly and/or use infringes at least one claim of the '944 patent. For example, DePuy Synthes Sales obtained actual knowledge of the '944 patent no later than the filing date of this Complaint.

90.      On information and belief, at least the Synthes SYNFIX-LR, ZERO-P, and ZERO-P VA spinal spacer products and related screws are not staple articles of commerce suitable for a substantial non-infringing use, at least because they have no use other than as part of an apparatus that infringes at least one claim of the '944 patent.

91.      On information and belief, DePuy Synthes Sales's and DePuy Synthes Products's manufacture, sales, offers to sell, and/or importation of the Synthes SYNFIX-LR, ZERO-P, and ZERO-P VA spinal spacer products occurred despite the objectively high likelihood that DePuy Synthes Sales's and DePuy Synthes Products's actions constituted infringement of the '944 patent, which is valid and enforceable.

92.      On information and belief, DePuy Synthes Sales and DePuy Synthes Products actually knew they infringed the '944 patent as of the filing date of this Complaint or should have known they infringed the '944 patent as of the filing date of this Complaint because of the objectively high likelihood of infringement.

93.      Thus, DePuy Synthes Sales's and DePuy Synthes Products's continued infringement after the filing of this Complaint shall constitute willful and deliberate infringement of the '944 patent.

## SIXTH CAUSE OF ACTION – INFRINGEMENT OF THE '363 PATENT

94.      Bonutti Skeletal Skeletal realleges and incorporates by reference each of the preceding paragraphs 1-93.

26

95.     On information and belief, DePuy Synthes Sales and DePuy Synthes Products, either individually or in concert with one another, have infringed and continue to infringe the '363 patent literally and/or by equivalents under 35 U.S.C. § 271(a) by, among other things, making, using, offering for sale, selling, and/or importing infringing spinal spacers, which infringing spinal spacers include at least the Synthes SYNFIX-LR, ZERO-P, and ZERO-P VA spinal spacers.

96.     On information and belief, DePuy Synthes Sales and DePuy Synthes Products, either individually or in concert with one another, have induced the infringement of and continue to induce the infringement of the '363 patent literally and/or by equivalents under 35 U.S.C. § 271(b).

97.     On information and belief, DePuy Synthes Sales and DePuy Synthes Products obtained actual knowledge of the '363 patent no later than the filing date of this Complaint.

98.     With actual or constructive knowledge of the '363 patent and with the specific intent to cause infringement of the '363 patent, DePuy Synthes Sales and DePuy Synthes Products encouraged and intended and continue to encourage and intend medical practitioners to assemble and use Synthes products that directly infringe the '363 patent.  DePuy Synthes Sales's and DePuy Synthes Products's acts of encouragement include, among other acts, providing surgical technique guides and instruments for assembling and using spinal spacers that infringe the '363 patent.  On information and belief, the infringing spinal spacers for which DePuy Synthes Sales and DePuy Synthes Products has provided and continues to provide surgical technique guides and instruments include at least the Synthes SYNFIX-LR, ZERO-P, and ZERO-P VA spinal spacer products.

99.     On information and belief, DePuy Synthes Sales and DePuy Synthes Products have proceeded in this manner despite their actual or constructive knowledge of the '363 patent. At a minimum, DePuy Synthes Sales and DePuy Synthes Products would have to have taken deliberate actions to avoid confirming the high probability that the assembly and use of at least the SYNFIX-LR, ZERO-P, and ZERO-P VA spinal spacers constitutes infringement of the '363 patent, such that, at a minimum, DePuy Synthes Sales and DePuy Synthes Products have been and continue to be willfully blind.

100.    On information and belief, DePuy Synthes Sales has contributed to the infringement of and continues to contribute to the infringement of the '363 patent literally and/or by equivalents under 35 U.S.C. § 271(c) by, without authority, selling, offering to sell, and/or importing Synthes SYNFIX-LR, ZERO-P, and ZERO-P VA spinal spacer products and related screws.

101.    On information and belief, at least the Synthes SYNFIX-LR, ZERO-P, and ZERO-P VA spinal spacer products and related screws are assembled by medical practitioners into apparatuses that directly infringe the '363 patent, literally or under the doctrine of equivalents.  Further, medical practitioners use those infringing assembled apparatuses, which also constitutes direct infringement of the '363 patent.

102.    On information and belief, at least the Synthes SYNFIX-LR, ZERO-P, and ZERO-P VA spinal spacer products and related screws are key components of the apparatuses claimed in the '363 patent, and thus constitute a material part of the claimed inventions of the '363 patent.

103.    On information and belief, DePuy Synthes Sales sells, offers for sale, and/or imports at least the Synthes SYNFIX-LR, ZERO-P, and ZERO-P VA spinal spacer products and

related screws with knowledge that they are especially made and/or especially adapted for assembly into an apparatus whose assembly and/or use infringes at least one claim of the '363 patent. For example, DePuy Synthes Sales obtained actual knowledge of the '363 patent no later than the filing date of this Complaint.

104.    On information and belief, at least the Synthes SYNFIX-LR, ZERO-P, and ZERO-P VA spinal spacer products and related screws are not staple articles of commerce suitable for a substantial non-infringing use, at least because they have no use other than as part of an apparatus that infringes at least one claim of the '363 patent.

105.    On information and belief, DePuy Synthes Sales's and DePuy Synthes Products's manufacture, sales, offers to sell, and/or importation of the Synthes SYNFIX-LR, ZERO-P, and ZERO-P VA spinal spacer products occurred despite the objectively high likelihood that DePuy Synthes Sales's and DePuy Synthes Products's actions constituted infringement of the '363 patent, which is valid and enforceable.

106.    On information and belief, DePuy Synthes Sales and DePuy Synthes Products actually knew they infringed the '363 patent as of the filing date of this Complaint or should have known they infringed the '363 patent as of the filing date of this Complaint because of the objectively high likelihood of infringement.

107.    Thus, DePuy Synthes Sales's and DePuy Synthes Products's continued infringement after the filing of this Complaint shall constitute willful and deliberate infringement of the '363 patent.

## PRAYER FOR RELIEF

WHEREFORE, Bonutti Skeletal respectfully requests that the Court enter judgment against Synthes:

A.      Determining that DePuy Synthes Sales and DePuy Synthes Products have infringed and continue to infringe one or more claims of each of the Asserted Patents;

B.      Preliminarily and permanently enjoining DePuy Synthes Sales and DePuy Synthes Products, their respective officers, agents, servants, directors, employees, and attorneys, and all persons acting in concert or participation with them, directly or indirectly, or any of them who receive actual notice of the judgment, from further infringing the Asserted Patents;

C.      Ordering DePuy Synthes Sales and DePuy Synthes Products to account for and pay to Bonutti Skeletal all damages suffered by Bonutti Skeletal as a consequence of DePuy Synthes Sales's and DePuy Synthes Products's infringement of the Asserted Patents, together with all pre-judgment and post-judgment interest and costs as fixed by the Court;

D.      Trebling or otherwise increasing Bonutti Skeletal's damages under 35 U.S.C. § 284 on the grounds that of DePuy Synthes Sales's and DePuy Synthes Products's infringement of the Asserted Patents was deliberate and willful;

E.      Declaring that this case is exceptional and awarding Bonutti Skeletal its costs and reasonable attorneys' fees in accordance with 35 U.S.C. § 285; and

F.      Granting Bonutti Skeletal such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Bonutti Skeletal hereby requests a trial by jury for all issues so triable.

Dated: December 19, 2014        By:     _/s/ Kevin Gannon_____

> Paul J. Hayes (BBO# 227000)
> Email: phayes@hayesmessina.com
> Kevin Gannon (BBO# 640931)
> Email: kgannon@hayesmessina.com
> HAYES MESSINA GILMAN & HAYES LLC
> 200 State Street, 6th Flr.
> Boston, MA 02109
> Telephone: (617)-345-6900
> Facsimile: (617)-345-1999
>
> John M. Desmarais (*pro hac vice forthcoming*)
> Email: jdesmarais@desmaraisllp.com
> Laurie Stempler (*pro hac vice forthcoming*)
> Email: lstempler@desmaraisllp.com
> Kevin K. McNish (*pro hac vice forthcoming*)
> Email: kmcnish@desmaraisllp.com
> DESMARAIS LLP
> 230 Park Avenue
> New York, NY 10169
> Telephone: (212)-351-3400
> Facsimile: (212)-351-3401
>
> *Attorneys for Bonutti Skeletal Innovations LLC*

`